UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DAWUD AMEEN HUSAIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:18-CV-1008-SNLJ |
|  | ) |  |
| STATE OF MISSOURI, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on two separate motions of plaintiff Dawud Ameen Husain for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motions and the financial information submitted in support, the Court will grant the motions to the extent plaintiff seeks leave to commence this action without prepayment of the filing fee. To the extent the motions seek any other form of relief, they will be denied. In addition, the Court will assess an initial partial filing fee of $17.60, and will dismiss this case without prejudice because it fails to state a claim upon which relief may be granted and is frivolous. *See* 28 U.S.C. 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an inmate account activity statement from the St. Louis County Justice Center. The statement is for a time period of less than one month, and shows an initial intake credit of $88.00. The Court will assess an initial partial filing fee of $17.60, which is twenty percent of plaintiff's average deposit. If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his current prison account statement in support of his claim.

## Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Tabor*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper

legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

**The Complaint**

Plaintiff is an inmate at the St. Louis County Justice Center, and is a frequent pro se and in forma pauperis litigator in this Court.[1] Plaintiff states that on December 18, 2015, he was "pretextually stopped [in his vehicle] while traveling peaceably in his private capacity by Peace Officer John Laumier and two assistants to be named, who all were given two notices, warning them not to trespass against my rights."[2] He claims the officers caused the "invasion of the right to privacy, and the deprivation of his inalienable rights, secured by the Constitution and the laws of the United States, plaintiff has been suffering false arrest, false imprisonment, malicious prosecution, and other persecution from custodial corporation of plaintiff's body."

Plaintiff attaches as Exhibits A and B to his amended complaint the "No Trespassing" notices he gave the police. Exhibit A states, in relevant part:

---

[1] Plaintiff has filed two other civil rights lawsuits arising out of the facts of this case, and a third arising out of a court hearing in his criminal case. *See Husain v. Unknown Drews*, No. 4:18-CV-1235-CDP (E.D. Mo. filed Jul. 24, 2018); *Husain v. Smith*, 4:18-CV-1116-JCH (E.D. Mo. filed Jul. 10, 2018); and *Husain v. Laumier*, No. 4:18-CV-1115-JCH (E.D. Mo. filed Jul. 10, 2018). All three have been dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B).

[2] Review of Missouri Case.net, the State of Missouri's online docketing system, shows that plaintiff was convicted of unlawful possession of a firearm on May 1, 2018, and on July 24, 2018 was sentenced to seven years' imprisonment. *See State v. Dawud Ameen Husain*, No. 17SL-CR03102-01 (21st Jud. Cir. 2018). In addition, plaintiff is a defendant in a pending criminal action, where he is charged with unlawful possession of a firearm. *See State v. Dawud Ameen Husain*, No. 17SL-CR10246-01 (21st Jud. Cir. 2017).

# LEGAL NOTICE
# NO TRESPASSING

. . .

## WARNING

You are hereby advised of the following federal criminal law
"If two or more persons conspire to injure, oppress, threaten, or intimidate any citizen in the free exercise or enjoyment of any right or privilege secured by him by the Constitution or the Laws of the United States, or because of his having to exercised [sic] the same; or if two or more persons go in disguise on the highway, or on the premises of another, with the intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—They shall be fined not more than $10,000 or imprisoned not more than ten years or both; and if death results, they shall be subject [to] imprisonment for any term of years or for life."

LAND USE FEE $5,000 PER PERSON
PER DAY, OR ANY PART THEREOF

Exhibit B states in relevant part:

## No Trespassing
## Ultra Vires Declaration

. . .

Please take notice and be advised, that this contact is unconsented, undesired, unwarranted an objectionable.

Please take notice and be advised, that at this moment you can either honor the human rights of this Free Man, to freely travel on unencumbered, or you Peace Officer, take it upon your own self to cause harm and injury.

Please take notice and be advised, that this Free Man, request that you properly identify your self [sic] and that you summon your supervisor to verify your identity and to verify your oath to the State constitution in which you perform you duties, and the United States constitution.

Please take notice and be advised, that every one is worthy of their hire, and therefore you Peace Officer agree, that any and all detentions of the freedom to freely travel on will result in your hiring this Free Man, at a cost of One Thousand Dollars per minute, ($1,000.00/min.). (time starts only if detained)

Please take notice and be advised, that Title 18 U.S.C. Sec. 242, Title 42 U.S.C. Sec. 1982, 1983, 1985, and 1986 are the laws that you Peace Officer, are trespassing, thereby creating lawful tort.

. . . .

*See* Am. Compl., Ex. A and B.

Plaintiff names forty-five individual defendants in this action, including police officers in Bellefontaine Police Department, the North County Cooperative, judges in the Missouri state courts, prosecuting attorneys in St. Louis County, and employees of the St. Louis County Justice Center. Plaintiff alleges the police officers that arrested him "read and arbitrarily ignored the notices [Exhibits A and B], thereby forcing me out of my vehicle, arresting me, searched and seized me, my vehicle and my other papers and effects, causing me to be falsely arrested and imprisoned and deprived of my life, liberty and pursuit of happiness."

As causes of action, plaintiff alleges trespass, malicious prosecution, unlawful arrest, violation of his equal protection rights, and violation of all the laws described on his "No Trespassing" notices. For relief, plaintiff seeks immediate release from the St. Louis County Justice Center, and unspecified monetary damages.

## Discussion

Plaintiff's allegations against the forty-five defendants, spanning a twenty-page amended complaint, can be divided into the following categories: (1) allegations regarding a pretextual stop; (2) allegations against judges; (3) allegations against prosecutors; and (4) allegations regarding the use of force in handcuffing plaintiff. The Court will discuss each as follows:

*(1)    Pretextual Traffic Stop*

To the extent plaintiff can be understood to bring claims pursuant to 42 U.S.C. § 1983 to remedy the deprivation of his Fourth Amendment rights, this action is subject to dismissal. Plaintiff claims he was pretextually stopped in his vehicle, ordered out of the vehicle, and arrested and charged with a Class D felony possession of a firearm. Plaintiff alleges defendant

. . . .

*See* Am. Compl., Ex. A and B.

Plaintiff names forty-five individual defendants in this action, including police officers in Bellefontaine Police Department, the North County Cooperative, judges in the Missouri state courts, prosecuting attorneys in St. Louis County, and employees of the St. Louis County Justice Center. Plaintiff alleges the police officers that arrested him "read and arbitrarily ignored the notices [Exhibits A and B], thereby forcing me out of my vehicle, arresting me, searched and seized me, my vehicle and my other papers and effects, causing me to be falsely arrested and imprisoned and deprived of my life, liberty and pursuit of happiness."

As causes of action, plaintiff alleges trespass, malicious prosecution, unlawful arrest, violation of his equal protection rights, and violation of all the laws described on his "No Trespassing" notices. For relief, plaintiff seeks immediate release from the St. Louis County Justice Center, and unspecified monetary damages.

## Discussion

Plaintiff's allegations against the forty-five defendants, spanning a twenty-page amended complaint, can be divided into the following categories: (1) allegations regarding a pretextual stop; (2) allegations against judges; (3) allegations against prosecutors; and (4) allegations regarding the use of force in handcuffing plaintiff. The Court will discuss each as follows:

*(1)    Pretextual Traffic Stop*

To the extent plaintiff can be understood to bring claims pursuant to 42 U.S.C. § 1983 to remedy the deprivation of his Fourth Amendment rights, this action is subject to dismissal. Plaintiff claims he was pretextually stopped in his vehicle, ordered out of the vehicle, and arrested and charged with a Class D felony possession of a firearm. Plaintiff alleges defendant

Police Officer John Laumier and two unnamed assistants made this pretextual stop despite being given plaintiff's "No Trespassing" warnings.

Pretextual traffic stops are a violation of the Fourth Amendment. *See United States v. Eldridge*, 984 F.2d 943, 947-48 (8th Cir. 1993) (citation omitted). However, plaintiff offers no facts to support his conclusion that the stop was pretextual. Pro se plaintiffs are required to allege facts in support of their claims, and this Court will not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger compliant." *Stone*, 364 F.3d at 914-15. Plaintiff's statement that the stop was pretextual is nothing more than a legal conclusion that is not entitled to the presumption of truth, *see Iqbal*, 556 U.S. at 678, and the Court concludes that plaintiff's allegations fail to state a claim upon which relief may be granted.

*(2)   Allegations Against Defendant Judges*

Plaintiff's allegations against the Missouri judges involved in his criminal proceedings must also be dismissed as frivolous. Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). A judge acts in his judicial capacity when he exercises control over his courtroom. *See Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966) ("the courtroom and courthouse premises are subject to the control of the court"). Plaintiff has alleged no specific facts against any of the judges, only conclusory legal allegations. As a result, plaintiff's allegations do not show that the defendant judges acted outside of their jurisdiction, and these defendants is entitled to absolute immunity.

*(3)   Allegations Against Defendant Prosecutors*

Similarly, plaintiff's allegations against the Missouri prosecutors involved in his criminal proceedings will be dismissed as frivolous. Prosecutors are absolutely immune from civil rights

actions. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). All plaintiff's claims against the prosecutors are based upon their decisions to charge him with criminal conduct and pursue criminal prosecution against him. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process). Because plaintiff's prosecutors are immune from this suit, these defendants will be dismissed.

*(4)    Excessive Force Regarding Use of Handcuffs*

Finally, plaintiff alleges he was "physically, mentally, tortured and traumatized, by the assault and battery of the transporters, correctional officers and their supervisors" when these individuals handcuffed and leg cuffed plaintiff too tightly and strapped him to a wheeled chair. He states, "the nurses ignored my cries of pain and deemed the cuffs were adjusted to their satisfaction."

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2008); *see also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"). Plaintiff's allegations that his handcuffs were excessively tight are insufficient to support a finding of excessive force in violation of the Fourth Amendment. The Eighth Circuit has rejected an excessive force claim where an officer "forcefully threw" the plaintiff to the ground, pinned him down, and placed his weight into the plaintiff's back before handcuffing him, even though the plaintiff suffering from diabetic shock and was only "passively

resistant." *Wertish v. Krueger*, 433 F.3d 1062, 1068 (8th Cir. 2006). *See also Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1008 (8th Cir. 2003) (finding no excessive force in securing handcuffs so tightly they made plaintiff's hand bleed) (citing *Rodriguez v. Farrell*, 280 F.3d 1341, 1352 (11th Cir. 2000) (stating "[p]ainful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal."); *Nolin v. Isbell*, 207 F.3d 1253, 1257-58 (11th Cir. 2000) (holding as a matter of law the amount of force used during an arrest to handcuff a suspect was not excessive and would not defeat an officer's qualified immunity where the resulting injury was merely bruising). Because plaintiff's amended complaint is insufficient to state a plausible claim of excessive force arising out of his handcuffing, the Court will dismiss these allegations under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis are **GRANTED** to the extent plaintiff seeks leave to bring this civil action without prepayment of the filing fee, and **DENIED** in all other respects. [ECF Nos. 2 and 7]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $17.60 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B), because it fails to state a claim upon which relief may be granted and because it is frivolous.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of January, 2019.

                                                                    _____
                                                                    STEPHEN N. LIMBAUGH, JR.
                                                                    UNITED STATES DISTRICT JUDGE